## THE SIBONEY.

(District Court, E. D. New York. January 14, 1921.)

Towage ⊚≈18—Tug held at fault for not sooner attempting to extricate herself from danger.

 A tug, which was placed at the port quarter of a steamer to tow the steamer from a pier, and which started backward in obedience to a signal from the steamship, which was in charge of the operation, and was brought into collision with barges on the other side of the slip, *held* at fault for not observing the danger, which was as apparent to the tug as to any one else, when the tug had ample time for escape, so that a libel for damages to the tug must be dismissed.

In Admiralty. Libel by the Crew Transportation Corporation against the steamship Siboney, of which the New York & Cuba Mail Steamship Company was claimant. Libel dismissed.

Decree affirmed 280 Fed. 878.

Foley & Martin, of New York City, for libelant.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark, of New York City, of counsel), for the Siboney.

GARVIN, District Judge. On February 4, 1920, the tug Neponset was engaged with three other tugs to tow the Siboney from the pier at Eighteenth street, New York, to Erie Basin. The Siboney was bow in; the tide flood. The Neponset was placed at the port quarter by three lines. Across the slip on the south side were several barges, and there was a dredge anchored some 400 feet out in the river, about opposite the Eighteenth Street pier. The Siboney, which was in charge of the operation, signaled to the Neponset to go back, in order that the Siboney might be moved out of the slip.

The captain of the Neponset obeyed the direction given, but saw that his boat would sag over on the barges. He testified that he signaled to the Siboney and was told to come ahead; that he tried to do so, as his boat was in danger of being caught and damaged; that he thereupon immediately cut the lines leading to the Siboney, but was unable to extricate himself; and that the Siboney crushed him against the barges. The proctors for the Siboney correctly state that the real question is whether the tug had time to get out.

The testimony of both sides establishes beyond question that any attempt to move the Siboney in the manner desired would involve some, if not considerable, risk, as a strong northeast wind was blowing, which would have a tendency to swing the Siboney over toward the barges as she went out of the slip. This was as apparent to the tug as to the ship. But the testimony also establishes, I think, that the operation of moving the boat out consumed several minutes at least, and that the tug should have observed that she was gradually being forced into a dangerous position, from which she had ample time to escape. In the case of The Olympic, 224 Fed. 436, 140 C. C. A. 130, there was greater reason for holding the steamer liable, yet she was exonerated.

The libel is dismissed.